IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRANDON EUGENE GETACHEW (BOP Register No. 37485-177), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:17-cv-224-D-BN |
| DJ HARMON, Warden, FCI Seagoville, | § § § | |
| Respondent. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Brandon Eugene Getachew, an inmate at FCI Seagoville (an institution in the Dallas Division of this district), has filed, under 28 U.S.C. § 2241, a *pro se* habeas petition challenging his criminal judgment under 28 U.S.C. § 2255(e) – Section 2255's "savings clause." This action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sidney A. Fitzwater. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss Getachew's Section 2241 petition for lack of jurisdiction.

**Applicable Background**

Getachew "pleaded guilty to possession with intent to distribute 50 grams or more of cocaine, possession of a firearm by a convicted felon, and possession of a firearm in furtherance of a drug-trafficking offense." *United States v. Getachew*, 364 F.

-1-

App'x 931, 932 (5th Cir. 2010) (citing 18 U.S.C. §§ 922, 924; 21 U.S.C. § 841), *cert. denied*, 561 U.S. 1017 (2010). These convictions and their associated sentences have been affirmed. *See generally id.* And the Court has denied as time-barred Getachew's motion to vacate under 28 U.S.C. § 2255 – challenging the voluntariness of his guilty plea and the constitutional effectiveness of his counsel and asserting that he was actually innocent of the conviction under Section 924(c)(1)(A). *See Getachew v. United States*, No. 3:13-cv-4334-D, 2014 WL 307443 (N.D. Tex. Jan. 28, 2014).

## Legal Standards

"Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters as law and justice require." *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see, e.g., Gatte v. Upton*, No. 4:14-cv-376-Y, 2014 WL 2700656, at *1 (N.D. Tex. June 13, 2014) ("[S]ection 2243 authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government." (footnote omitted)); *Montgomery v. United States*, EP-15-cv-373-PRM, 2016 WL 592846, at *5 (W.D. Tex. Feb. 11, 2016) ("a § 2241 petition is subject to summary dismissal if it appears from the face of the pleading that the petitioner is not entitled to relief" (citing *Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming such a summary dismissal))).

28 U.S.C. § 2241 "is the proper procedural vehicle if a prisoner 'challenges the execution of his sentence rather than the validity of his conviction and sentence.'" *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *United*

*States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)); *see also Robinson v. United States*, 812 F.3d 476, 476 (5th Cir. 2016) (per curiam) ("Section 2255 provides 'the primary means of collaterally attacking a federal sentence.' Section 2241, on the other hand, is used to challenge 'the manner in which a sentence is executed.'" (quoting *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000))). And a Section 2241 petition "that raises errors that occurred at or prior to sentencing" – like Getachew's Section 2241 petition – "should be construed as a § 2255 motion." *Robinson*, 812 F.3d at 476 (citing *Tolliver*, 211 F.3d at 877-78).

> But, under Section 2255's
>
> savings clause, a § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained if the petitioner shows that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his detention. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *see also* § 2255(e).
>
> [A petitioner] has the burden of showing that the § 2255 remedy is inadequate or ineffective. *See Wesson v. United States Penitentiary Beaumont, TX*, 305 F.3d 343, 347 (5th Cir. 2002). He must show that his claims are "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and were "foreclosed by circuit law at the time when the claim[s] should have been raised in [his] trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001); *see also Jeffers*, 253 F.3d at 830-31.

*Id.* at 476-77.

### Analysis

Getachew bases his Section 2241 petition on three recent appellate decisions – one from the United States Supreme Court: *Mathis v. United States*, ___ U.S. ___, 136

S. Ct. 2243 (2016), and two from the United States Court of Appeals for the Fifth Circuit applying *Mathis*: *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), and *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017). *See* Dkt. Nos. 3 & 5.

> *Mathis* resolved a circuit split about when the modified categorical approach can be applied to try to narrow a statute when a court is considering whether that statute qualifies as a certain type of offense under federal criminal and immigration laws.... *Mathis* held that only the elements matter. So when a statute merely sets out multiple means for committing a crime, some of which match the generic offense and others that do not, the ordinary categorical approach applies and there is no match to the generic offense.

*Gomez-Perez v. Lynch*, 829 F.3d 323, 326-27 (5th Cir. 2016).

> The modified categorical approach may only be applied where a statute is "divisible" – that is, the statute "'sets out one or more elements of the offense in the alternative – for example, stating that burglary involves entry into a building or an automobile.'" *Hinkle*, 832 F.3d at 573 (quoting *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276, 2281 (2013)). Under this approach, "a court may look to certain documents, including the indictment and the judgment, to narrow an offense that otherwise would not be a categorical match with an enumerated offense." *Gomez-Perez*, 829 F.3d at 326; *see also Descamps*, 133 S. Ct. at 2281 ("If one alternative (say, a building) matches an element in the generic offense, but the other (say, an automobile) does not, the modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction.").

*Sanchez-Sanchez v. United States*, No. 3:16-cv-1434-D, 2017 WL 477314, at *2 (N.D. Tex. Feb. 6, 2017) (citation modified).

Most applicable to Getachew's petition, the Fifth Circuit in *Tanksley* held that *Mathis* overturned *United States v. Ford*, 509 F.3d 714 (5th Cir. 2007), a decision in which the Fifth Circuit had "held that a conviction for possession with intent to deliver

-4-

a controlled substance under section 481.112(a) of the Texas Health and Safety Code ... qualifies as a 'controlled substance offense' under the [federal sentencing guidelines]." 848 F.3d at 349; *see id.* at 352 ("*Mathis* is more than merely illuminating with respect to the case before us; it unequivocally resolves the question in favor of Tanksley. *Ford* cannot stand. Section 481.112(a) is an indivisible statute to which the modified categorical approach does not apply." (citations and internal quotation marks omitted)).

As such, Tanksley's prior conviction under Section 481.112(a) could not count as "a controlled substance offense" under the career offender provision of the sentencing guidelines, under which

> [a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

Getachew's criminal history prior to his sentencing in this Court included two felony drug convictions in state courts in Dallas County, Texas. But, unlike Tanksley, Getachew was not sentenced as a career offender under Section 4B1.1. *See generally United States v. Getachew*, No. 3:08-cr-163-D (N.D. Tex.), Dkt. No. 60 (pre-sentence report).

And, even if he was, none of the cases cited by Getachew meet the retroactively-applicable-decision prong of *Reyes-Requena*. To meet this prong, the Court must

-5-

determine whether *Mathis* – the only Supreme Court decision cited – provides a new right made retroactive on collateral review. *See Teague v. Lane*, 489 U.S. 288, 301 (1989) (plurality opinion) ("[A] case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." (emphasis in original)). In the Fifth Circuit, there is no requirement "that the Supreme Court must have made the determination of retroactivity." *Santillana v. Upton*, 846 F.3d 779, 783 (5th Cir. 2017) (citing *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010)). That said, "the Supreme Court explicitly stated in *Mathis* that it was not announcing a new rule and that its decision was dictated by decades of prior precedent." *United States v. Taylor*, ___ F. App'x ___, 2016 WL 7093905, at *4 (10th Cir. Dec. 6, 2016) (concluding that "*Mathis* did not announce a new rule" and that "courts applying *Mathis* have consistently reached the same conclusion" (collecting cases)); *accord Sanchez-Sanchez*, 2017 WL 477314, at *2.[1]

---

[1] *See also Lott v. Willis*, No. EP-16-CV-514-DCG, 2017 WL 384074, at *5 (W.D. Tex. Jan. 26, 2017) (noting that the Supreme Court "has not suggested that *Mathis* announced a watershed rule of criminal procedure or that an infringement of the rule would seriously diminish the likelihood of an accurate conviction," before *sua sponte* dismissing, under Section 2243, a "savings clause"-based Section 2241 petition); *United States v. Hamilton*, ___ F. Supp. 3d ___, No. 06-CR-188-TCK, 2017 WL 368512, at *4 (N.D. Okla. Jan. 25, 2017) ("*Mathis* does not announce a new rule of law or have retroactive application to cases on collateral review. Therefore, *Mathis* would not entitle a defendant originally sentenced under the [ACCA's] enumerated offense clause to seek collateral relief on grounds that a sentencing court applied the now-invalid modified categorical approach." (citation omitted)); *United States v. Pape*, No. 12-CR-0251 (PJS/LIB), 2017 WL 235178, at *3 (D. Minn. Jan. 18, 2017) ("*Mathis* was simply an application of *Descamps[ v. United States*, 133 S. Ct. 2276 (2013)]; indeed, *Mathis* faulted the lower court for failing to apply what the Supreme Court regarded as the clear language of *Descamps*. Clearly, then, *Mathis* did not announce a 'new' rule of

And, even if Getachew was sentenced as a career offender under the guidelines and even if *Mathis* applied retroactively on collateral review, Getachew has not established that he may have been convicted of a nonexistent offense, as the Fifth Circuit "has held that a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241." *In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011) (per curiam) (citing *Kinder v. Purdy*, 222 F.3d 209, 213–14 (5th Cir. 2000)); *see, e.g., Wyatt v. Chapa*, No. EP-15-CV-28-PRM, 2015 WL 869134 (W.D. Tex. Feb. 27, 2015); *cf. Underwood v. Cauley*, Civ. A. No. 1:11-00217, 2014 WL 4202553, at *2 (S.D. W. Va. Aug. 22, 2014) (discussing *Brown v. Caraway*, 719 F.3d 583, 585 (7th Cir. 2013), in which "the Seventh Circuit held that a habeas petitioner could invoke § 2241 under the § 2255 savings clause to challenge his sentence on the basis that one of the convictions used to classify him as a career offender, arson in the third degree, no longer qualified as a crime of violence under *Begay[ v. United States*, 553 U.S. 137 (2008)]" and the circuit split caused by *Brown*, under which "the weight of authority is on the other side of this issue. Every other circuit to address the issue has determined that the savings clause does not permit a prisoner to bring in a § 2241 petition a guidelines miscalculation claim that is barred by § 2255(h)'s prohibition on second or successive motions." (citing *Gilbert v. United States*, 640 F.3d 1293 (11th Cir. 2011) (en banc); *In re Bradford*, 660 F.3d 226, 229-30 (5th Cir. 2011); *United States v.*

---

constitutional law." (citation omitted)).

*Peterman*, 249 F.3d 458 (6th Cir. 2001); *Okereke v. United States*, 307 F.3d 117 (3d Cir. 2002))); *Gilbert*, 640 F.3d at 1309 ("The critically important nature of the finality interests safeguarded by § 2255(h) also weighs heavily against an interpretation of the savings clause that would lower the second or successive motions bar and permit guidelines-based attacks years after the denial of an initial § 2255 motion.").

Accordingly, as Getachew's Section 2241 petition fails to raise a claim "that is based on a retroactively applicable Supreme Court decision" that "establishes that the petitioner may have been convicted of a nonexistent offense," the Court is "without jurisdiction to consider the petition," *Sanchez v. Chandler*, No. 4:15-cv-458-Y, 2015 WL 4486773, at *1 & *2 (N.D. Tex. July 23, 2015) (citing *Garland*, 615 F.3d at 394; *Reyes-Requena*, 243 F.3d at 904; *Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003)).

**Recommendation**

The Court should summarily dismiss the habeas petition for lack of jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 27, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE